UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ISAAC REEVES JONES, Plaintiff | CIVIL ACTION NO. 1:16-CV-1054-P |
| VERSUS | CHIEF JUDGE DRELL |
| WARDEN, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Isaac Reeves Jones ("Jones") filed suit pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics.[1] Jones is an inmate in the custody of the Texas Department of Criminal Justice, housed at the Southeast Texas Transitional Center in Houston, Texas. Jones complains that he was wrongfully incarcerated at the Federal Correctional Institution in Pollock, Louisiana ("FCI Pollock") due to an identification error by the Bureau of Prisons ("BOP"). He names as defendants the warden and several officials from FCI Pollock.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

I.  Background

Jones alleges that, on October 10, 2010, a federal detainer was erroneously placed on him for a federal child pornography conviction of another prisoner named Isaac Jones, Jr. (Doc. 1, p. 4; Doc. 20, p. 3). Jones attempted to correct the error within the confining institution. (Doc. 1, p. 4).

On May 26, 2014, Jones was supposed to be released from jail in Texas under mandatory supervision. (Doc. 9, p. 3). However, Jones was detained by federal agents and transported to a federal holdover facility in Conroe, Texas. (Doc. 9, p. 3). Jones was then transferred to the Federal Correctional Complex in Pollock, Louisiana, to serve the federal sentence that had been imposed on Isaac Jones, Jr. (Doc. 9, p. 3).

Jones attempted to convince the federal officers that an error had been made regarding his identity. On July 3, 2014, the federal officers in Pollock confirmed that Jones was not the Isaac Jones that had been convicted of the federal child pornography offense, and he was released. (Doc. 9, p. 3).

Jones seeks compensatory damages, and asks that his criminal history be cleared.

II. Law and Analysis

A.  Jones's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Jones is a prisoner who has been allowed to proceed *in forma pauperis*. (Doc. 14). As a prisoner seeking redress from an officer or employee of a governmental entity, Jones's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam);

Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding that prison management corporations and their employees are state actors under § 1983). Because he is proceeding *in forma pauperis*, Jones's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

B. **Jones's complaint is untimely.**

District courts are authorized to dismiss a complaint as frivolous when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

The statute of limitations for a Bivens action is borrowed from state law. See Alford v. United States, 693 F.2d 498, 499 (5th Cir. 1982). Louisiana tort law provides

3

a one-year prescriptive period. See La. Civ. Code Ann. art. 3492; Gaspard v. United States, 713 F.2d 1097, 1102 n. 11 (5th Cir. 1983). Federal law, however, determines when a Bivens cause of action accrues. United Klans of America v. McGovern, 621 F.2d 152, 153 n. 1 (5th Cir. 1980). Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Such knowledge encompasses both: (1) the existence of the injury; and (2) the connection between the injury and the defendant's actions. See Brown v. Nationsbank Corp., 188 F.3d 579, 589-90 (5th Cir. 1999). Actual knowledge is not necessary for the limitations period to commence "if the circumstances would lead a reasonable person to investigate further." Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995).

According to the complaint, Jones became aware of the detainer on October 10, 2010, but he did not file suit until July 6, 2016. (Doc. 1, p. 4). Thus, the Court ordered Jones to amend his complaint to show that he is entitled to tolling of the statute of limitations. (Doc. 15). In his amended complaint, Jones alleges that he contacted the United States Marshals Service in 2010, when he learned of the detainer. Jones was informed that the issue would "be taken care of by the proper agency when the time comes to resolve the detainer order." (Doc. 20, p. 4).

The detainer issue was not resolved, however, as Jones was taken into custody by the BOP pursuant to the detainer on May 26, 2014. Jones relied on the statement of the United States Marshal Service in 2010 that the detainer would be removed. However, Jones clearly knew that he suffered an "injury" when he was actually detained by the BOP on May 26, 2014. Thus, even if the limitations period is tolled

4

based on the statement of the Marshals Service from October 10, 2010, until May 26, 2014, the date he was taken into custody, Jones's claim is still prescribed. The limitations period began to run, at the latest, on May 26, 2014. Jones did not file suit until July 6, 2016, more than two years from the date of "injury" and more than one year after the expiration of the statute of limitations.

Jones has presented no factual allegations indicating that he would be entitled to tolling of the statute of limitations after May 26, 2014. Therefore, Jones had one year from that date within which to file a <u>Bivens</u> action. Because Jones did not file suit until July 6, 2016, his claim is prescribed.

### III.   Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Jones's complaint be DENIED and DISMISSED with prejudice under §§ 1915(e)(2)(b) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14)

days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __17th__ day of January, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge